IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

S.G.W., M.B.W., and T.B.,

            Plaintiffs,

    vs.

EUGENE SCHOOL DISTRICT,

            Defendant.

Case No. 6:16-cv-01612-AA
ORDER

AIKEN, Judge:

    In this action, the parties cross-appeal a final order of the Oregon Superintendent of Public Instruction.  In that order, the administrative law judge ("ALJ") found defendant Eugene School District failed to provide plaintiff S.G.W. ("student") a free, appropriate public education, in violation of the Individuals with Disabilities Act, 20 U.S.C. § 1415 *et seq.*  The ALJ ordered defendant to take several actions to make plaintiff whole.  The dispute on appeal concerns only one of the remedies the ALJ ordered:  the award of 175 hours of compensatory education.  Plaintiffs (student and student's parents, M.B.W. and T.B.) argue the ALJ erred by requiring those hours to

PAGE 1 - ORDER

be completed by the time student graduated from high school. Defendant challenges the number of hours of compensatory education awarded.

After the parties filed their opening briefs on appeal, defendant filed a motion for summary judgment, asking the Court to dismiss plaintiffs' appeal as moot. Defendant's mootness argument proceeds as follows: plaintiffs' chosen provider for compensatory education services charges $75 per hour. Defendant has offered to pay plaintiff $13,125 — the total number of compensatory hours awarded by the ALJ multiplied by that hourly rate. In plaintiffs' opening brief, they ask this Court to award relief in one of two alternative forms, the second of which is precisely what defendant offers: a lump-sum payment in the amount of $75 multiplied by the total number of compensatory education hours owed. Plaintiffs have not accepted defendant's offer. In its motion for summary judgment, defendant asks this Court to (1) order defendant to pay and plaintiffs to accept $13,125, (2) dismiss plaintiffs' appeal as moot, and (3) grant defendant's request to voluntarily dismiss its appeal.

Defendant argues that an unaccepted offer to pay the full amount of damages a plaintiff seeks renders an action moot and deprives this Court of jurisdiction. The Supreme Court recently rejected that argument in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). In *Campbell-Ewald*, the Court held "that an unaccepted settlement offer has no force" and "creates no lasting right or obligation." *Id.* at 666. Before *Campbell-Ewald*, there was a circuit split on this issue. The Court expressly declined to resolve that split in a 2013 case. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528-29 (2013). But Justice Kagan, joined by three other justices, reached the issue in her dissent:

PAGE 2 - ORDER

> We made clear earlier this Term that as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot. A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. By those measures, an unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer — however good the terms — her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer — like any unaccepted contract offer — is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer leaves the matter as if no offer had ever been made.

*Id.* at 1533-34 (Kagan, J., dissenting) (citations and quotations marks omitted). In *Campbell-Ewald*, the Court adopted Justice Kagan's analysis, noting that "every Court of Appeals ruling on the issue post *Genesis Healthcare*" had done likewise. 136 S. Ct. at 670.

Campbell-Ewald addressed an unaccepted offer of judgment pursuant to Federal Rule of Civil Procedure 68. Here, the offer is not a Rule 68 submission but a "simple settlement offer" that includes an offer to pay the full amount of damages plaintiff seeks in this appeal. *See Thompson v. S. Farm Bureau Cas. Ins. Co.*, 520 F.3d 902, 904 n.1 & 905-06 (8th Cir. 2008) (discussing the differences between an offer of judgment and a "simple settlement offer"). But Justice Kagan's analysis applies with equal force to a simple settlement offer which, if unaccepted, is a legal nullity. Defendant's motion for summary judgment (doc. 18) is denied.[1]

IT IS SO ORDERED.

Dated this *31* day of January 2017.

Ann Aiken
United States District Judge

---

[1] This order addresses only defendant's motion for summary judgment. The appeal and cross-appeal remain under advisement.