IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| S.G.W., T.B., and M.B.W., | Case No. 6:16-cv-01612-AA |
| Plaintiffs-Appellants, | OPINION AND ORDER |
| vs. | |
| EUGENE SCHOOL DISTRICT, | |
| Defendant-Cross-Appellee. | |

AIKEN, Judge:

Following my opinion reversing in part the Administrative Law Judge's final decision in this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, plaintiffs (student S.G.W. and parents T.B. and M.B.W.) move for an award of $111,987.20 in attorney's fees, $2,413.01 in costs, and $5,586.32 in prejudgment interest. Defendant Eugene School District opposes the motion, requesting that it either be denied outright or reduced. For the reasons set forth below, I award fees in the reduced amount of $91,470.60, the full $2,413.01 in costs, and no prejudgment interest.

**STANDARD**

Under the IDEA, the court may "in its discretion" award reasonable attorney's fees "to a prevailing party who is the parent of a child with a disability[.]" 20 U.S.C. § 1415(i)(3)(B)(i)(I). Fees are awarded "based on rates prevailing in the community in which the action or proceeding

PAGE 1 – OPINION AND ORDER

arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). That statutory standard tracks the Ninth Circuit's "lodestar" method for calculating attorney fees, which multiples a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

## DISCUSSION

It is undisputed that plaintiffs are prevailing parties within the meaning of the IDEA. Defendant nonetheless argues that plaintiffs' fee request should be denied or reduced.

First, defendant argues that a reduced is required under 20 U.S.C. § 1415(i)(3)(F). That section directs the district court to reduce a fee award if (1) the amount of the fee "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience"; (2) the time spent and legal services furnished were "excessive" considering the nature of the action or proceeding; or (3) the parent or parent's attorney "unreasonably protracted the final resolution of the controversy." *Id.* § 1415(i)(3)(F)(i)–(iii). However, the court may not reduce a fee award for the subsection (F) factors if the state or local educational agency "unreasonably protracted the final resolution of the action or proceeding." *Id.* § 1415(i)(3)(G).

Each party argues that the other unreasonably protracted the resolution of this controversy. Having reviewed the record, I can only concur with Judge McShane's observation in a previous appeal involving the same parties: "[n]either party is innocent."[1] *T.B. v. Eugene*

---

[1] The record is replete with examples. I will provide two. First, defendant's failure to provide student with a free and appropriate public education is, at the point, chronic. Plaintiffs have now prevailed in two due process hearings concerning student's educational needs and student has been awarded a total of 745 hours of compensatory education. Second, while the

PAGE 2 – OPINION AND ORDER

*Sch. Dist.*, 2016 WL 3951385, *1 (D. Or. Jul. 21, 2016). Each party made choices that could support a finding of unreasonable delay. But any assessment of a party's reasonableness in litigation must take into account the conduct of the opposing party. Here, because both parties protracted the process, the net effect is a wash. I decline to find that either party unreasonably protracted the litigation.

Next, I will consider the requested hourly rate. Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Survey") as a benchmark for assessing the reasonableness of hourly billing rates.[2] *United States v. Montagne Dev., Inc.*, 2014 WL 2334209, at *9 (D. Or. Mar. 10, 2014). Plaintiffs' attorney, Melissa Wischerath, began practicing law in February 2012. Plaintiffs seek compensation for hours billed by Wischerath in 2014, 2015, 2016, and 2017. The OSB Survey groups hourly rates by years of practice. For simplicity's sake, I place Wischerath in the zero-to-three-years' experience bracket for hours billed in 2014 and 2015, and in the four-to-six-years' experience bracket for hours billed in 2016 and 2017.

Wischerath's office is located in Eugene, which the OSB Survey places in the Lower Valley region. In 2012, the most recent OSB Survey year, attorneys in the Lower Valley with zero to three years' experience billed a median hourly rate of $150 and a 75th-percentile hourly rate of $200. Adjusting for inflation,[3] the median hourly rate rises to $160 and the 75th-

---

appeal and cross-appeal in this action were pending, plaintiffs inexplicably rejected a settlement offer that would have provided them with the full remedy they sought in liquidated form.

[2] The OSB Survey is available at https://www.osbar.org/_docs/resources/econsurveys/12economicsurvey.pdf.

[3] Rates are adjusted for inflation using the U.S. Bureau of Labor Statistics' consumer price index. *See Survivor Prods., Inc. v. Mironova*, 2016 WL 3003677, at *2 n.4 (D. Or. May 24, 2016).

PAGE 3 – OPINION AND ORDER

percentile hourly rate rises to $214. Attorneys in the Lower Valley with four to six years' experience billed a median hourly rate of $183 and a 75th-percentile hourly rate of $196 in 2012. Adjusting for inflation, those rates rise to $195 and $208, respectively.

In support of their fee petition, plaintiffs submitted affidavits from two other attorneys who specialize in litigating IDEA cases. *See Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1224 (9th Cir. 2016) (endorsing "affidavits of . . . other attorneys regarding prevailing fees in the community" as "satisfactory evidence of the prevailing market rate"). Mary Broadhurst practices in the Lower Valley, has 25 years of relevant experience, and charges a $280 hourly rate. Broadhurst's hourly rate is $14 higher than the inflation-adjusted median hourly rate and $40 lower than the inflation-adjusted-75th-percentile hourly rate for Lower Valley attorneys with 21 to 30 years of experience. Diane Wiscaron practices in Portland, has 20 years of relevant experience, and charges a $250 hourly rate. Wiscaron's hourly rate is $17 lower than the inflation-adjusted median hourly rate for Portland attorneys with 16 to 20 years of experience.

Finally, I note that in the previous appeal, Judge McShane devoted considerable time to assessing a reasonable rate for Wischerath. *See id.* (stating that "rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate"). After considering the OSB Survey, affidavits from the same two lawyers who submitted affidavits in this appeal, the results obtained, Wischerath's years of experience, and the evidence that she (reasonably, as a less experienced lawyer) incurred a lot of hours working on the case, Judge McShane set the hourly rate at $160, which he stated was slightly higher than the median rate for Lower Valley attorneys with zero to three years' experience. *T.B.*, 2016 WL 3951385, at *2.

In this appeal, plaintiffs request an hourly rate of $208, equal to the inflation-adjusted 75th-percentile rate for Lower Valley attorneys with four to six years' experience. That rate is not reasonable. With respect to the hours billed in 2014 and 2015, I find Judge McShane's analysis persuasive and adopt it here, with one modification: I adjust the $160 up to account for inflation, to $171.

With respect to the hours billed in 2016 and 2017, $208 is too high. Neither Wiscaron nor Broadhurst bills at the 75th-percentile level in her respective experience range. This suggests that, however complex IDEA cases are, billing at the 75th-percentile level for all civil litigators — particularly when, as here, the lawyer has just "graduated" to a higher experience bracket — is unjustified. I conclude that a reasonable rate for hours billed in 2016 and 2017 is the inflation-adjusted Lower Valley median of $195.

I have carefully reviewed the number of hours billed and decline to find them excessive. In reaching this determination, I rely on both my own review of the record and on the declarations of Broadhurst and Wiscaron, both of whom declared the number of hours billed reasonable. The examples of purported vague billing and overbilling in defendant's brief do not convince me otherwise. For example, defendant challenges the inclusion of billing line-items for both the complaint and the amended complaint in the due process hearing. Plaintiff billed a mere 0.8 hours, or 48 minutes, for drafting the amended complaint. That is eminently reasonable. Defendant faults plaintiff for billing 1.6 hours for the line item "received district discovery #1." Reviewing all billing line items, it is clear that this entry includes time for *reviewing* the discovery rather than just receiving it. Defendant disputes this interpretation, noting that several other line items account for time spent reviewing the discovery. Contrary to defendant's implication, I do not find it *per se* excessive to spend thirteen hours reviewing discovery in a

case with a record as dense as this one. Defendant also argues that plaintiffs should not be compensated for hours incurred after the due process hearing. That is plainly incorrect; plaintiffs prevailed not only at the due process hearing but also on both the appeal and cross-appeal. And it is well-established that time spent preparing the fee application is itself compensable. *Gonzalez v. City of Marywood*, 729 F.3d 1196, 1210 (9th Cir. 2013). This includes time spent obtaining expert affidavits in support of a fee request. *See Beauchamp*, 816 F.3d at 1224 (expressly citing "affidavits of . . . other attorneys regarding prevailing fees in the community" as one way to provide "satisfactory evidence of the prevailing market rate"). Regarding the small number of hours billed after the opinion on appeal issued, I find those hours reasonably related to implementation of plaintiffs' remedy.

Finally, defendants ask for a limited-success reduction. In setting a fee award under the IDEA, the court must consider the "degree of success" obtained. *Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1115 (9th Cir. 2006) (citing *Hensley*, 461 U.S. at 436). That standard provides that "a partially prevailing plaintiff generally may not recover fees for unsuccessful claims." *Id.* at 1117. The *Hensley* standard generally excludes recovery of fees for claims that are "distinct in all respects from [the] successful claims." *Hensley*, 461 U.S. at 440. But where a lawsuit "consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.* There is no precise formula for determining degree of success. *Aguirre*, 461 F.3d at 1121. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* (quoting *Hensley*, 461 U.S. at 436–37).

Having carefully reviewed the record, I agree that a small reduction is warranted for limited success. The ALJ fully rejected two of plaintiffs' procedural claims and further that two of defendant's procedural violations had not caused educational harm to student. However, the ALJ found two procedural violations did cause educational harm. And most importantly, plaintiffs prevailed on their substantive claim that defendant materially failed to implement student's IEP. That substantive claim was the heart of plaintiffs' case. Recognizing that plaintiffs won the lion's share of the relief they sought, I apply a ten percent across-the-board reduction to account for time spent litigating the unsuccessful procedural claims.

Applying a $171 rate to the 136.5 hours billed in 2014 and 2015 yields a total of $23,341. Applying a $195 rate to the 401.5 hours billed in 2016 and 2017 yields a total of $70,463.25. After a ten percent reduction for limited success, the total fee award is $91,470.60. Plaintiffs' request for costs, which defendant does not appear to oppose, is granted in full. I decline to award prejudgment interest because there was a genuine dispute as to the amount of recoverable fees. *See T.B.*, 2016 WL 3951538, at *5 (citing *J.O. v. Tacoma Sch. Dist.*, 2015 WL 59389, at *2 (W.D. Wash. Jan. 25, 2015)).

## CONCLUSION

Plaintiffs' motion for attorney's fees (doc. 30) is GRANTED IN PART. Plaintiffs are awarded $91,470.60 in fees and $2,413.01 in costs. Defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 30th day of May 2017.

Ann Aiken
United States District Judge